# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRAD LOELLKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 12-2-GPM** |
| | ) | |
| **WAYNE MOORE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This case, which comes to the Court via removal from state court, is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) (reviewing sua sponte the allegations of federal subject matter jurisdiction contained in a notice of removal because "[j]urisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation and quotation marks omitted). Plaintiff Brad Loellke brings this action for personal injuries that he sustained while working on the premises of Defendant Wagner Seed & Supply Company, Inc. ("Wagner"). Named as Defendants in the case are Wagner, Wayne Moore and Dennis Moore, who appear to be the owners of Wagner, and Shivvers, Inc. ("Shivvers"). This case was filed originally in the Circuit Court of the Third Judicial Circuit,

Madison County, Illinois, and has been removed to this Court by Shivvers; federal subject matter jurisdiction is asserted on the basis of diversity of citizenship.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Glisson v. Matrixx Initiatives, Inc.*, Civil No. 10-76-GPM, 2010 WL 685894, at *1 (S.D. Ill. Feb. 22, 2010).  Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen."  *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997).  *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."); *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) ("For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant.").  The removing defendant, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction.  *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *In re Brand Name Prescription Drugs Antitrust*

*Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Misiak v. Farmer*, Civil No. 10-133-GPM, 2010 WL 685895, at *1 (S.D. Ill. Feb. 23, 2010).

With respect to the amount in controversy in this case, it appears, given the nature of the severe and permanent injuries alleged by Loellke, that the sum at issue exceeds $75,000, exclusive of interest and costs. *See Colon v. SmithKline Beecham Corp.*, Civil No. 09-1073-GPM, 2010 WL 46523, at *2 (S.D. Ill. Jan. 5, 2010) ("This Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege severe and permanent personal injuries[.]") (quotation omitted) (collecting cases). With respect to complete diversity of citizenship, Shivvers has alleged properly that it is a corporation incorporated under Iowa law with its principal place of business in Iowa, so that it is a citizen of Iowa for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981). *See also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010) (holding that the location of a corporation's principal place of business for diversity purposes is the state where the corporation has its headquarters or "nerve center"). However, with respect to the citizenship of Loellke, Shivvers alleges merely "[u]pon information and belief" that Loellke "resided in Illinois at the time of the occurrence" giving rise to this case. Doc. 2 at 2 ¶ 5. To invoke federal diversity jurisdiction, a natural person must be alleged to be a citizen of a state, not a resident of a state. "[A]llegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)). *See also Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905) ("[A] mere averment of residence in a particular state is not an averment of citizenship in that state for the

purposes of [diversity] jurisdiction."); *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001) ("In his amended complaint and appellate brief, [the plaintiff-appellant] alleged only his residence, not his citizenship.  An allegation of residency, however, is insufficient to establish diversity jurisdiction.").  Additionally, for purposes of federal diversity jurisdiction, the relevant time when Loellke was a citizen of Illinois is not the time when the accident giving rise to this case occurred, but whether Loellke was a citizen of Illinois when this case was filed and when the case was removed.  *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776-77 (7th Cir. 1986) (citing 28 U.S.C. § 1441(a)) ("[T]he required diversity must exist both when the suit is filed . . . and when it is removed[.]").  Finally, allegations of citizenship made on information and belief are insufficient to invoke a federal court's jurisdiction.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage federal jurisdiction in diversity); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009) ("Jurisdictional allegations made on information and belief are insufficient to invoke the diversity jurisdiction of a federal court.").  Shivvers must amend its allegations with respect to Loellke's citizenship for diversity purposes.  *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").[1]

---

1.    The Court notes further that it is unclear from the record whether Wayne Moore and Dennis Moore remain parties to this action and, if so, what their state citizenship for diversity purposes is and, assuming that the Moores do not defeat complete diversity of citizenship, whether they consent to the removal of this case.  *See Jones v. Chiarella*, Civil No. 10-421-GPM, 2010 WL 2367382, at *1 (S.D. Ill. June 11, 2010) ("Under the federal common-law 'rule of unanimity,' of course, all defendants in a case that have been properly joined and served when the case is removed to federal court must join in or consent to the removal.") (collecting cases).

Finally, it appears that this action was pending for more than a year before it was removed. In general, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).  Under the recently-enacted Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, 125 Stat. 758 (to be codified at scattered sections of 28 U.S.C.),

> A case may not be removed . . . on the basis of jurisdiction conferred by [28 U.S.C. §] 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

*Id*. § 103(b)(3)(C).  It appears that this case was removed within thirty days of a settlement between Loellke, an Illinois citizen, and Wagner, an Illinois corporation that defeated complete diversity of citizenship.  Under the federal common-law "voluntary-involuntary" rule, only a voluntary action of a plaintiff, such as the voluntary dismissal of a diversity-defeating party, can make a case removable in diversity jurisdiction.  *See Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918) ("[C]onversion [of an action from non-removable to removable in diversity] can only be accomplished . . . where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by [a plaintiff] of a party or of parties defendant."); *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316 (1915) ("[W]here there is a joint cause of action against defendants resident of the same state with the plaintiff and a nonresident defendant, it must appear, to make the case a removable one as to a nonresident defendant because of dismissal as to resident defendants that the discontinuance as to such defendants was voluntary on the part of the

plaintiff[.]"); *Powers v. Chesapeake & Ohio Ry. Co*., 169 U.S. 92, 101 (1898) ("[W]hen th[e] plaintiff [voluntarily] discontinued his action as against the [non-diverse] defendants, the case for the first time became such a one as . . . the [diverse] defendant . . . was entitled to remove[.]"); *Poulos v. Naas Foods, Inc*., 959 F.2d 69, 71 (7th Cir. 1992) ("[C]ases with non-diverse parties [do] not become removable just because a non-diverse defendant [is] dismissed from the case.  Instead, . . . such suits [are] removable only if the plaintiff voluntarily dismissed a non-diverse defendant.") (citations and emphasis omitted).  The voluntary-involuntary rule serves to "protect against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal, producing renewed lack of complete diversity in the state court action[.]" *Quinn v. Aetna Life & Cas. Co*., 616 F.2d 38, 40 n.2 (2d Cir. 1980) (citations omitted).  *See also Burke v. General Motors Corp*., 492 F. Supp. 506, 508 (N.D. Ala. 1980) (the voluntary-involuntary rule "is premised upon the assumption that voluntary actions of the plaintiff which remove a party from a case are final" and thus not subject to reversal on appeal so as to divest a federal court of jurisdiction on removal).  Also, the voluntary-involuntary rule "protect[s] plaintiff's choice of forum as long as [the plaintiff] wants it protected." *Ford Motor Credit Co. v. Aaron-Lincoln Mercury*, 563 F. Supp. 1108, 1117 (N.D. Ill. 1983).  *See also Vidmar Buick Co. v. General Motors Corp*., 624 F. Supp. 704, 706 (N.D. Ill. 1985) ("The underlying purpose of the voluntary/involuntary rule is to protect [a] plaintiff's choice of forum[.]") (quotation marks omitted).  Where Wagner has settled all of the claims against it, the removal of this case does not run afoul of the voluntary-involuntary rule.  However, this case was pending for more than a year before it was removed and there is nothing in the record to suggest that Loellke acted in bad faith to block an earlier removal of the case, suggesting that the removal of the case is untimely.

To conclude, not later than **five (5) days** from the date of entry of this Order, Shivvers must amend its notice of removal in three respects. First, Shivvers must allege that Loellke is a citizen of Illinois, omitting from its allegations of federal subject matter jurisdiction any reference to "information and belief." Shivvers can satisfy its burden of establishing federal jurisdiction with respect to Loellke simply by alleging that Loellke "is a citizen of Illinois." *See* Form 7, Appendix of Forms, Fed. R. Civ. P. ("The plaintiff is a citizen of Michigan[.]") (bracket and emphasis omitted). Second, in its amended notice of removal Shivvers must advise the Court whether Wayne Moore and Dennis Moore remain parties to this action and, if so, what their state citizenship for diversity purposes is. If Wayne Moore and Dennis Moore are parties to this action, but do not defeat diversity jurisdiction, not later than **ten (10) days** from the date of entry of this Order Loellke may file a motion for remand of this case to state court based on the failure of Wayne Moore and Dennis Moore to consent to the removal of this case within thirty days of the date the case became removable. *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1062-63 (S.D. Ill. 2006) (a removal is procedurally defective if a properly joined and served defendant fails to consent to the removal) (collecting cases). Third, in its amended notice of removal Shivvers will advise this Court whether this case was commenced, that is, filed in state court more than one year before the case was removed to this Court. If so, not later than **ten (10) days** from the date of entry of this Order Loellke may file a motion for remand of this case to state court based on the untimeliness of the removal of the case. *See Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006) (failure to effect timely removal renders a removal procedurally defective). If Loellke files a motion for remand of this case to state court based on the untimeliness of the removal of the case, Shivvers then shall have **fifteen (15) days** from the date of entry of this Order

to present evidence that Loellke acted in bad faith to block removal of this case more than one year after the case was commenced.  Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

     **IT IS SO ORDERED.**

     DATED:  January 10, 2012

                    /s/ G. Patrick Murphy
                    G. PATRICK MURPHY
                    United States District Judge