IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAD LOELLKE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-2-GPM |
| | ) |
| WAYNE MOORE, et al., | ) |
| | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiff Brad Loellke (Doc. 10). This case comes before the Court on removal from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. On January 10, 2012, the Court entered an order directing the removing Defendant, Shivvers, Inc. ("Shivvers"), to amend its notice of removal in this case to allege properly the Court's subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. In the January 10 order, the Court noted further that this case had been removed in diversity jurisdiction more than one year from the time it was commenced in state court, and granted Loellke ten days from the date of entry of the January 10 order to move for remand of this case to state court based on the untimeliness of the removal of the case. The Court directed further that, if Loellke filed a motion to remand by the date set forth in the January 10 order, Shivvers would have five days from the date of entry of the January 10 order to respond to Loellke's motion for remand. On January 13, 2012, Shivvers filed an amended notice of removal. On January 17, 2012, Loellke filed a motion for remand of this case to state court based on the

untimeliness of the removal of the case. On January 25, 2012, Shivvers filed its response to Loellke's motion for remand. The motion for remand having been fully briefed, the Court now rules as follows.

Under 28 U.S.C. § 1446, which governs the time for removal, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Section 1446 provides further that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). In general, when an action is "commenced" for purposes of the removal statutes is determined by the law of the state where a removed action originally was filed. *See Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750-51 (7th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 741-42 (7th Cir. 1967). *Accord Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989); *Santiago v. Barre Nat'l, Inc.*, 795 F. Supp. 508, 510 (D. Mass. 1992); *Perez v. General Packer, Inc.*, 790 F. Supp. 1464, 1469 (C.D. Cal. 1992); *Saunders v. Wire Rope Corp.*, 777 F. Supp. 1281, 1283 (E.D. Va. 1991). Under the law of Illinois, where this action initially was filed, "[e]very action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." 735 ILCS 5/2-201(a). *See also Del Raine v. Carlson*, 826 F.2d 698, 707 (7th Cir. 1987) (citing *Lawrence v. Williamson Ford, Inc.*, 300 N.E.2d 636, 640 (Ill. App. Ct. 1973)) (under Illinois law, "suit is commenced by filing the complaint[.]");

*Jackson v. Navik*, 308 N.E.2d 143, 145 (Ill. App. Ct. 1974) ("[A]n action is commenced when the complaint is filed . . . and . . . in situations where the statute of limitations has run in the interval between the filing of the complaint and service of summons, the effect of the statute of limitations is avoided when reasonable diligence is exercised in obtaining service of process[.]"); *Kohlhaas v. Morse*, 183 N.E.2d 16, 19 (Ill. App. Ct. 1962) ("[A] suit is commenced when the complaint is filed[.]").  Thus, this case was commenced for removal purposes on October 21, 2009, when it was filed originally in state court.  However, the case was not removed by Shivvers in federal diversity jurisdiction until January 3, 2012, well over one year after the case was commenced in state court.

Thus, Court turns to the question of whether Loellke acted in bad faith in order to prevent Shivvers from removing this action in diversity jurisdiction within one year after the action was commenced in state court.  It appears that this action was removed by Shivvers within thirty days after Loellke settled his claims against former Defendant Wagner Seed & Supply Co., Inc. ("Wagner"), the last party blocking removal of this case to federal court in diversity.[1]  Shivvers does not suggest that Wagner was merely a "nominal party" to this litigation, that is, "a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation."  *Yount v.*

---

1. As the Court discussed in its January 10 order in this case, Loellke is a citizen of Illinois, as is Wagner, a corporation incorporated under Illinois law with its principal place of business in Illinois and thus, under 28 U.S.C. § 1332(c)(1), an Illinois citizen as well.  Accordingly, so long as Wagner remained a Defendant in the case, Wagner defeated the complete diversity of citizenship requisite to removal pursuant to Section 1332.  *See Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) ("For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant.").

*Shashek*, 472 F. Supp. 2d 1055, 1061 (S.D. Ill. 2006) (quoting *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)).  "A nominal defendant holds the subject matter of the litigation 'in a subordinate or possessory capacity as to which there is no dispute.'  Because the nominal defendant is a 'trustee, agent, or depositary,' who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection."  *Id*.  Nor does Shivvers allege that Wagner was fraudulently joined to defeat diversity, meaning that Wagner was a party as to whom Loellke had alleged false jurisdictional facts or against whom Loellke had no possibility of establishing a cause of action in Illinois state court and whose citizenship for diversity purposes the Court therefore could disregard.  *See Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 762-63 & n.9 (7th Cir. 2009); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).  It appears from the record that Loellke settled his claims against Wagner for $100,000, hardly a negligible sum.  Moreover, the Court finds nothing especially suspicious about the timing of the settlement:  the state-court judge found that the settlement between Loellke and Wagner was a good-faith settlement on December 5, 2011, over two years after this action was commenced in state court.  In sum, there is nothing in the record to suggest that Loellke acted in bad faith to prevent Shivvers from removing this action in diversity jurisdiction within one year after the action was commenced in state court.  Thus, the removal of this case is untimely and procedurally defective.  "The plaintiff has a right to remand if the defendant did not take the right steps when removing[.]"  *In re Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994).  Loellke has raised a timely objection to the procedural defect in the removal of this case.  *See* 28 U.S.C. § 1447(c); *Continental Cas.*, 29 F.3d at 292-94.  Loellke's motion for remand of this case to state court will be granted.

As a final matter, the Court addresses Loellke's request for an award of attorney fees and costs against Shivvers.  Under 28 U.S.C. § 1447, "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The decision to grant or deny an award of costs, including attorney fees, in a case remanded to state court is committed to a district court's discretion.  *See Wolf v. Kennelly*, 574 F.3d 406, 410 (7th Cir. 2009) (citing *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411 (7th Cir. 2005)); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).  However, in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Court significantly restricted a district judge's discretion with respect to awards under Section 1447(c), holding that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id*. at 141.  In the Seventh Circuit a removal is objectively unreasonable so as to warrant an award under Section 1447(c) only if the removal violates Seventh Circuit law as that law has been established by the decisions of the United States Court of Appeals for the Seventh Circuit and the Supreme Court of the United States.  *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793-94 (7th Cir. 2007); *Dudley v. Putnam Inv. Funds*, Civil No. 10-327-GPM, 2010 WL 1756882, at *5 (S.D. Ill. May 3, 2010); *Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *5 (S.D. Ill. Sept. 29, 2009); *Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1090 (S.D. Ill. 2009).  Although, as discussed, the removal of this case was improper, it did not flout binding authority, nor does the Court believe that the brief sojourn of this case in federal court on removal was intended unnecessarily to protract these proceedings or that the removal will substantially delay the progress of this case in state court after remand.  Under all of the

circumstances, the Court cannot say that Shivvers's removal of this case was objectively unreasonable, and therefore the Court declines to award Loellke costs and expenses, including attorney fees, pursuant to Section 1447(c).

To conclude, Loellke's motion for remand of this case to state court (Doc. 10) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, due to a procedural defect in the removal of the case, to wit, removal of the case in federal diversity jurisdiction more than one year after the case commenced in state court, where Shivvers has failed to show that Loellke acted in bad faith to prevent Shivvers from removing the case in diversity within one year after the case commenced.  Loellke's request for costs and expenses, including attorney fees, incurred as a result of the removal of this case is **DENIED**.  The Clerk of Court is directed to transmit a certified copy of this Order to the clerk of the state court and to close the file of this case on the Court's docket.

**IT IS SO ORDERED.**

DATED:  January 26, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge